PER CURIAM:
Claimants, Robert William Fawcett and Patricia Lee Fawcett, seek an award from respondent, Division of Highways, for damage to their vehicle which occurred on March 9,1994. The evidence presented at the hearing established that Ms. Fawcett was driving a 1992 Geo Metro on Johnson Avenue in Bridgeport, West Virginia, at approximately 7:45 p.m. It was raining and Ms. *138 Fawcett estimated her speed at less than 25 miles per hour. As she proceeded around a curve, the vehicle struck a large hole in the road. The hole was described as three feet wide, two feet deep, and between 18 to 20 inches deep. Ms. Fawcett travels this road three times per week, but was unaware of this hole prior to the accident. No signs were posted int he general vicinity to warn the possible road defects. As a result of the accident, claimants have paid $30.25 for towing expenses, and $359.29 for repairs to their car. In addition, claimants seeks $191.50 to replace two damaged hubcaps. Claimants have insurance on their car with a $500.00 deductible.
Charles Herman Isner, Ms. Fawcett’s brother, arrived at the scene of the accident shortly after it occurred. Mr. Isner examined the hole and estimated it to be 12 inches deep. He also observed several other cars strike the hole while helping his sister.
Michael Anthony Scott, Harrison County Maintenance Superintendent for respondent, testified his responsibilities include road maintenance in the vicinity of the accident. He described Johnson Avenue as a county road with a priority two rating. Mr. Scott was aware of road surface problems on Johnson Avenue, and explained they were crews patched Johnson Avenue on March 7, 1994, with a cold mix material. The cold mix material is temporary in nature, but is the only material available to the respondent during the winter months.
It has long been established that the State is not and cannot insure the safety of motorists on its highways. However, the respondent has the duty to use reasonable care to maintain streets in a safe condition. In the instant case, respondent was aware of the reoccurring problems on Johnson Avenue, and failed to install signs warning of road defects. The Court is of the opinion that the size of this particular hole is indicative of its existence for an extended period of time, and the need for immediate action by the respondent. Therefore, the Court is of the opinion respondent was negligent in its maintenance of Johnson Avenue on the day of the accident. In accordance with the principle of collateral sources, the Court makes an award to claimants in the amount of $500.00 which is their insurance deductible.
Award of $500.00.